Scrugham, J.
It is not pretended that the mere issuing of the attachment in the suit of John Williams and Philip R. Asbury against Charles Barth, created any lien upon the debt which was due from the plaintiff to Barth • but, it is claimed, that the action of the sheriff under that attachment was sufficient to create such lien.
The Code, by section 235, provides the method in which the attachment which it authorizes shall be executed on property incapable of manual delivery. To attach a debt it is necessary that the debtor be served by the sheriff with a certified copy of the warrant of attachment, and also with a notice showing the property levied on. The defendant Harman was served with a copy of the attachment, upon which was endorsed a notice that by the attachment the sheriff was commanded to attach and safely keep all the estate real and personal of the defendant Barth within his county, except such articles as are by law exempt from execution, witli all books of account, vouchers, and papers relating thereto, and that all such property and effects, and the debts, and credits of the said Barth then in •said Harman’s possession or under his control, or which might come into his possession, or under his control, would be liable to the plaintiff in that action, and requiring him to deliver all such property, &c.,.into the sheriff’s custody without delay, with a certificate thereof. This was not such a notice as is con *274 templated by the 235d section of the Code as it does not specify the property levied on.
The attachment only authorizes a levy upon so much of the debtor’s property as shall be necessary to satisfy the attaching creditor’s claim with costs and expenses, and yet if this could be' regarded as a sufficient notice, property of a much greater amount, and, in fact, all of the property of the debtor might be levied upon. It is evident that greater particularity is required in the notice, from the provisions of the 236d section, which enable the sheriff to compel the person owing the debt which he seehs to attach, to furnish a certificate of the amount and description of the debt; and, in fact, this notice endorsed upon the copy attachment served upon Harman should rather be regarded as a demand of such certificate than as a notice that the debt had been levied on. The obtaining 'of the certificate is a step preliminary to the levy, necessary when the amount and description of the debt are not known to the sheriff; and the levy is afterwards made by serving the person owing the debt with a copy of the attachment and a notice describing the debt levied- on. 3STo certificate was obtained by the sheriff, and it does not appear that any proceedings were taken to compel the delivery of any, or that any action was taken under the attachment. As therefore, there was no levy, the plaintiffs in the attachment suit acquired no lien upon the moneys due to Barth by Harman.
This point disposes of the case and it is not necessary for me to discuss the various objections which the defendants Williams and Asbury suggest to the order under which the defendant, Cramer claims the money in court, for as they acquired no lien by their attachment they are not in a position to question it.
■ Judgment should be entered that the moneys deposited by the plaintiff with the treasurer of the County of Kings be paid to the defendant Martin Cramer, and that the defendants John Williams and Philip B. Asbury pay the costs of this action.